E-FILED
Wednesday, 02 September, 2026 11:01:53 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | |
|---|---|
| **ELIZABETH HOUSER,** | ) |
| | ) **Case No. 3:26-cv-03286** |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **HAYES ABRASIVES, INC.,** | ) |
| | ) |
| **Defendant.** | ) **Jury Trial Demanded** |
| | ) |

---

## COMPLAINT

Plaintiff, Elizabeth Houser ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant, Hayes Abrasives, Inc. ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

2. This lawsuit further arises under Illinois common law and the (820 ILCS 305/) Illinois Workers' Compensation Act (IWCA), seeking redress for Defendant's retaliatory discharge of Plaintiff's employment in response to Plaintiff's protected activity, namely, asserting her rights under the IWCA.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

4. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 *et seq.*

5. Venue of this action properly lies in the Central District of Illinois, Springfield Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

6. This court has pendent and supplemental jurisdiction of Counts I and II through 28 U.S.C. §1367.

## ADMINISTRATIVE PREREQUISITES

7. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq, have occurred or been complied with.

8. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

9. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

10. This Complaint has been filed within ninety (90) days of her receipt of the EEOC's Dismissal and Notice of Right to Sue.

## PARTIES

11. At all times material to the allegations of this Complaint, Plaintiff, Elizabeth Houser, resides in Bond County in the State of Illinois.

12. At all times material to the allegations in this Complaint, Defendant, Hayes Abrasives, Inc., is a corporation doing business in and for Montgomery County whose address is 120 Smith Ln, Hillsboro, IL 62049.

## BACKGROUND FACTS

13. Plaintiff worked for Defendant as a production employee from on or about August 18, 2025, until she was terminated on or about May 22, 2026.

14. Plaintiff suffers from physical impairments, specifically injuries to her chest and left breast

implant sustained during the course of her employment.

15. These injuries include a ruptured and subsequently deflated breast implant, and ongoing chest wall strain requiring physical therapy.

16. Plaintiff's physical impairments cause pain, physical limitations, and restrictions on her ability to lift, pull, and push.

17. Plaintiff's disability substantially limits one or more major life activities, including but not limited to lifting, carrying, and caring for herself.

18. Despite these disabilities, Plaintiff was qualified and able to perform the essential functions of her job, with or without reasonable accommodation.

19. Plaintiff is a "qualified individual" as defined under the ADA.

20. Plaintiff is "disabled" as defined under the ADA.

21. Plaintiff is a member of a protected class because of her disability.

22. On or about March 2, 2026, Plaintiff was injured while performing her job duties.

23. While carrying heavy materials on the production floor, the items fell into Plaintiff's chest, causing immediate pain and burning.

24. The injury resulted in a rupture of Plaintiff's left breast implant.

25. Plaintiff immediately reported the injury to front office staff, including Rhonda (LNU), Mary (LNU), and Carrie (LNU), as well as to the owner, David Hayes.

26. Rhonda explicitly asked Plaintiff not to file a workers' compensation claim, thereby discouraging Plaintiff from exercising her rights.

27. David informed Plaintiff that the company would “work with her” regarding scheduling and accommodations for her injury.

28. Plaintiff met with her medical team who advised work restrictions while she healed.

29. Her medical team provided a doctor’s note which outlined the restrictions of no lifting, pulling, or pushing over ten pounds.

30. Plaintiff brought applicable medical documentation, including her restrictions, to Mary.

31. In providing these documents, Plaintiff was requesting a reasonable accommodation.

32. Plaintiff was thereby engaging in protected activity.

33. Mary then informed Plaintiff that these restrictions would be added to her file.

34. Following her injury, Plaintiff thought she would be working under the requested restrictions of no lifting, pulling, or pushing over ten pounds.

35. Plaintiff, however, was not provided an effective or formal accommodation through the appropriate process.

36. Plaintiff was required to perform the same work she had been performing prior to her request for accommodation, often lifting, pulling, and/or pushing over ten pounds.

37. Defendant did not engage in a good-faith interactive process to determine appropriate accommodations despite being aware of Plaintiff's physical restrictions and ongoing medical limitations, and despite purportedly granting her accommodation.

38. Defendant failed to accommodate Plaintiff's disability despite Plaintiff's reasonable request for accommodation.

39. On or about March 12, 2026, Plaintiff's left breast implant fully deflated as a result of the rupture.

40. Plaintiff immediately reported this to management and continued working despite ongoing pain and medical complications.

41. In or around late April 2026, Plaintiff began physical therapy due to an ongoing chest wall strain related to her workplace injury.

42. Defendant had a system where, in order to make up work, employees can go to the owner's house to perform work.

43. On or about May 18, 2026, Plaintiff was at the owner's house to perform work.

44. Plaintiff was instructed to pick up trash and carry heavy items up a hill due to equipment issues.

45. This task caused additional muscle strain and worsened her condition.

46. Plaintiff reinjured herself while performing work-related duties at the owner's home.

47. Plaintiff complained to David that the work was too strenuous and difficult due to her disabling work injury.

48. David responded by stating, "when was the last time you worked a full week!" and insulting Plaintiff's work ethic.

49. David then told Plaintiff to get out and go home.

50. Plaintiff then left.

51. David's reaction and demeaning comments demonstrate his discriminatory animus towards Plaintiff due to her disability.

52. On or about May 19, 2026, Plaintiff reported to work while still experiencing significant pain from the May 18, 2026, reinjury.

53. Plaintiff quickly realized the pain required attention.

54. Plaintiff informed David that she believed she needed to leave to seek medical treatment.

55. David became hostile and yelled at Plaintiff, and stated that he was running a business and could not have employees leaving during work hours.

56. This reaction further demonstrates David's discriminatory animus.

57. On or about May 21, 2026, Plaintiff requested an incident report regarding her injuries.

58. Plaintiff submitted the incident report on or about May 22, 2026.

59. After Plaintiff submitted the incident report, David questioned Plaintiff aggressively and asked whether Plaintiff was suing.

60. Plaintiff responded that she was seeking workers' compensation benefits for her injury.

61. David stated that the company did not have workers' compensation and terminated Plaintiff's employment immediately after Plaintiff made this statement.

62. After terminating Plaintiff's employment, the owner followed Plaintiff to her vehicle while yelling at her.

63. Defendant terminated Plaintiff because of her disability and in retaliation for requesting accommodation and seeking workers' compensation benefits, in violation of the ADA, Illinois Common Law, and the IWCA.

64. Defendant in effect denied Plaintiff's request for reasonable accommodation.

65. Defendant failed to engage in the interactive process required to determine an appropriate accommodation.

66. Plaintiff suffered multiple adverse employment actions including, but not limited to, termination.

67. Other similarly situated non-disabled employees were not subject to the same treatment as Plaintiff and were not yelled at or harassed.

68. Plaintiff met or exceeded performance expectations throughout the duration of her employment with Defendant.

69. As a direct and proximate result of Defendant's conduct, Plaintiff suffered loss of income, loss of employment benefits, emotional distress, humiliation, embarrassment, and other damages.

70. Defendant's disability-based discrimination, failure to accommodate, and retaliation,

coupled with Defendant's termination of Plaintiff, took a heavy mental toll on Plaintiff, who suffered and continues to suffer severe mental anguish and distress.

71. Plaintiff can show that she engaged in statutorily protected activity, a necessary component of her retaliation claim, because Plaintiff requested reasonable accommodations for her disability, reported her workplace injuries to Defendant, and sought workers' compensation benefits for those injuries.

**COUNT I**
**Violation of Illinois Common Law**
**Wrongful Termination Against Public Policy**

72. Plaintiff repeats and re-alleges paragraphs 1-71 as if fully stated herein.

73. Illinois common law recognizes a cause of action for retaliatory discharge/ wrongful termination against public policy.

74. Plaintiff’s employment was terminated by Defendant without any legitimate reason to do so.

75. Plaintiff’s discharge was in retaliation for Plaintiff’s engagement in the protected activity of asserting her rights under the IWCA- an action which public policy seeks to promote, as we want individuals to be able to freely seek medical care without fear of retaliation.

76. The termination of Plaintiff’s employment violates a clear mandate of public policy.

77. By reason of Defendant’s retaliation, Plaintiff suffered severe harm, and is entitled to all legal and equitable remedies under common law.

78. Defendant intentionally interfered, restrained, and retaliated against Plaintiff after she was injured on the job, sought medical attention, and attempted to exercise her rights pursuant to the IWCA.

79. Plaintiff was discharged because of Plaintiff’s attempt to claim injury and compensation under the IWCA in violation of Illinois Common Law.

80. As a result of said interference, retaliation, and discharge, Plaintiff has suffered damages, including but not limited to loss of earnings, loss of ability to earn money, and mental anguish. The losses have occurred in the past and will continue in the future.

**COUNT II**
**Violation of (820 ILCS 305/4) Illinois Workers' Compensation Act**
**Demand for Relief for Retaliatory Discharge**

81. Plaintiff repeats and re-alleges paragraphs 1-71 as if fully stated herein.

82. (820 ILCS 305/4) prohibits employers from retaliating against employees for exercising their rights under the Act.

83. Plaintiff suffered a work injury and attempted to seek medical care she was entitled to under (820 ILCS 305/4) Illinois Workers' Compensation Act and exercise her rights.

84. Plaintiff was then terminated in retaliation for suffering a work injury and attempting to seek medical care and file a workers' compensation claim related to this work injury.

85. As a result of said interference, retaliation, and discharge, Plaintiff has suffered damages, including but not limited to loss of earnings, loss of ability to earn money, and mental anguish. The losses have occurred in the past and will continue in the future.

**COUNT III**
**Violations of the Americans with Disabilities Act**
**(Disability-Based Discrimination)**

86. Plaintiff repeats and re-alleges paragraphs 1-71 as if fully stated herein.

87. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

88. Plaintiff met or exceeded performance expectations throughout the duration of her employment with Defendant.

89. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

90. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

91. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

92. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

93. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

94. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT IV**
**Violation of Americans with Disabilities Act**
**(Failure to Accommodate)**

95. Plaintiff repeats and re-alleges paragraphs 1-71 as if fully stated herein.

96. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

97. Plaintiff is a qualified individual with a disability.

98. Defendant was aware of the disability and the need for accommodations.

99. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

100. Plaintiff's reasonable accommodations that were requested were not an undue burden on the Defendant.

101. Defendant did not accommodate Plaintiff's disability.

102. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to Plaintiff's disability.

103. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

104. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT V**
**Violation of Americans with Disabilities Act**
**(Disability-Based Harassment)**

105. Plaintiff repeats and re-alleges paragraphs 1–71 as if fully stated herein.

106. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq.

107. Defendant knew or should have known of the harassment.

108. The disability-based harassment was severe or pervasive.

109. The disability-based harassment was offensive subjectively and objectively.

110. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., due to Plaintiff's disability.

111. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

112. As a direct and proximate result of the harassment described above, Plaintiff has suffered

and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT VI**
**Violation of the Americans with Disabilities Act**
**(Retaliation)**

113. Plaintiff repeats and re-alleges paragraphs 1-71 as if fully stated herein.

114. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq*.

115. During Plaintiff's employment with Defendant, Plaintiff reported her disability-related work restrictions to Defendant and requested that Defendant work with her regarding scheduling and accommodations for her injury.

116. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

117. In response to Plaintiff's request, Defendant failed to engage in the interactive process to determine what accommodations would have been reasonable.

118. Defendant then terminated Plaintiff after her request for reasonable accommodation.

119. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting a reasonable accommodation, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

120. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

121. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

122. As a direct and proximate result of the retaliation described above, Plaintiff has suffered

and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

a. Back pay;

b. Payment of interest on all back pay and benefits recoverable;

c. Front pay;

d. Loss of benefits;

e. Compensatory and punitive damages;

f. Reasonable attorneys' fees and costs;

g. Liquidated damages;

h. Award pre-judgment interest if applicable; and

i. Award Plaintiff any and all other such relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 2nd day of September, 2026.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200

Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ ***Sophia Steere***
**SOPHIA STEERE, ESQ.**
KY Bar No.: 100481
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307-7634
Fax (630) 575 - 8188
ssteere@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ ***Jake Fondel***
**JAKE FONDEL, ESQ.**
IL Bar No.: 6354446
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 272-5953
Fax (630) 575 - 8188
jfondel@atlaslawcenter.com
*Attorney for Plaintiff*